IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00503-PAB-1
Civil Action No. 16-cv-01530-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1.  MARKEITH J. CANDLER,

   Defendant.

---

## ORDER DENYING § 2255 MOTION

---

Movant, Markeith J. Candler, has filed a Motion to Vacate Sentence [Docket No. 88] under 28 U.S.C. § 2255 ("§ 2255 motion"). The United States has responded to the § 2255 motion. Docket No. 91. For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

Mr. Candler pled guilty to one count of brandishing a firearm during and in relation to the crime of armed bank robbery, in violation of 18 U.S.C. § 924(c). Docket No. 1 at 3; Docket No. 46; Docket No. 76. On July 22, 2010, the Court sentenced Mr. Candler to a 120-month term of imprisonment. Docket No. 76 at 2. Mr. Candler did not file a direct appeal.

On June 20, 2016, Mr. Candler moved, pursuant to 28 U.S.C. § 2255, to vacate his § 924(c) conviction on the ground it violates the Fifth Amendment's Due Process

Clause. Docket No. 88 at 1. Mr. Candler claims that he is entitled to relief under *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551 (2015) ("*Johnson*"), because his § 924(c) conviction was based on that statute's residual clause. Docket No. 88 at 1.

## II. ANALYSIS

Mr. Candler argues that the predicate crime of violence upon which his § 924(c) conviction was based – aiding and abetting armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2 – no longer qualifies as a crime of violence after *Johnson* because it does not contain, as an element, the use of violent physical force.[1] Even assuming Mr. Candler's § 2255 motion is timely,[2] it must be denied on the merits. The Tenth Circuit has held that a conviction for armed bank robbery under §§ 2113(a) and (d) "constitutes a 'crime of violence' under the alternate, elements-based definition in § 924(c)(3)(A)." *United States v. Higley*, 726 F. App'x 715, 717 (10th Cir. 2018) (unpublished); *see also United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018) (unpublished) (holding that, because "bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of violence within the meaning of § 924(c)(3)'s elements clause" (internal quotation marks omitted)); *United States v. Deiter*, 890 F.3d 1203, 1212 (10th Cir. 2018) (holding that bank

---

[1]The Tenth Circuit has held that § 924(c)(3)(B)'s definition of "crime of violence" is unconstitutionally vague for the same reasons that § 924(e)(2)(B)(ii) and 18 U.S.C. § 16(b) were held unconstitutional in *Johnson* and *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018). *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018).

[2]The government argues that Mr. Candler cannot rely on 28 U.S.C. § 2255(f)(3), which permits the filing of a motion to vacate, set aside, or correct a sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court," because *Johnson* did not invalidate § 924(c)(3)(B). *See* Docket No. 91 at 2.

robbery under § 2113(a) is a crime of violence); *United States v. McCranie*, 889 F. 3d 677, 681 (10th Cir. 2018) (same).[3]

To the extent Mr. Candler argues that his conviction is different because the predicate offense was aiding and abetting an armed bank robbery, *see* Docket No. 88 at 4 (arguing that an aiding and abetting conviction cannot qualify as a crime of violence under the elements clause), the Tenth Circuit has squarely rejected an analogous argument in the context of § 924(e) and held that "it makes sense to look to the underlying statute of conviction, rather than [18 U.S.C. § 2], to decide whether the elements clause is satisfied." *Deiter*, 890 F.3d at 1215-16. The Court sees no reason to depart from this holding in the context of § 924(c). *See id.* at 1212 n.7 (noting that § 924(c)(3)(A) is "nearly" identical to the elements clause in § 924(e)). Accordingly, the

---

[3]The Court also rejects Mr. Candler's argument that his conviction is invalid under *Johnson* because § 2113(a) "can be violated by lawfully entering a bank . . . with intent to commit 'any larceny.'" Docket No. 88 at 6. While courts have recognized that the portion of the statute referenced by Mr. Candler constitutes an alternative version of federal bank robbery, *see, e.g.*, *United States v. Redd*, No. 16-cv-01389-CMA, 2017 WL 5952283, at *3 (D. Colo. Jan. 11, 2017) (recognizing that the section of the federal armed bank robbery statute involving entry into a bank to commit "any larceny" constitutes an "alternative version of the offense"), both the complaint and plea agreement establish that Mr. Candler's conviction was based only on the first version of the offense, which requires proof that the defendant took or attempted to take property or money from a bank by force and violence or intimidation. 18 U.S.C. § 2113(a); *see* Docket No. 1 at 2-3 (complaint); Docket No. 46 at 3 (plea agreement setting forth elements of offense); *see also Descamps v. United States*, 570 U.S. 254, 257 (2013) (stating that, when a conviction involves a "divisible statute," a court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative [version of the offense] formed the basis of the defendant's prior conviction"). The Court therefore need not determine whether the alternative version of the offense qualifies as a crime of violence under § 924(c)(3)(A). *See Redd*, 2017 WL 5952283, at *3 (assessing only whether the first version of an offense under § 2113(a) qualified as a crime of violence under § 924(c)(3)(A) where the indictment and plea agreement made clear that this was the version on which the defendant's conviction was based).

3

Court finds that Mr. Candler's arguments are foreclosed by *Higley*, *Deiter*, and *McCranie*. Because aiding and abetting federal bank robbery qualifies as a crime of violence under § 924(c)(3)(A), Mr. Candler is not entitled to relief under *Johnson*.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Mr. Candler has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

## III. ORDERS

For the reasons discussed above, it is

**ORDERED** that the Motion to Vacate Sentence [Docket No. 88], filed by Markeith J. Candler, is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**. It is further

**ORDERED** that the Motion to Withdraw as Counsel [Docket No. 99] is **GRANTED**.

DATED May 2, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge